Cole, J.
The only question made by this appeal is whether in an action of replevin, under our statute, where the jury find-for the plaintiff, and this only, the court can properly render a judgment thereon. Our statute requires a plaintiff in replevin to state in his petition a particular description of the property claimed; its actual value; the facts constituting plaintiff’s right, the extent of his interest, whether it be full or qualified ownership ; a denial that it was taken by judicial process, or if so taken, then the facts constituting its exemption therefrom; his belief of the facts alleged for its detention, and the damages. Eev., §3553. It is also enacted that “the judgment shall determine which party is entitled to the possession of the property, and shall designate his right therein, and if such party have not the possession thereof, shall also determine the value of the right of such party.” * * * * Kev., § 3562.
In this case, the plaintiff averred in his petition that he was the absolute owner of the property, and that its value was' $12. The possession of the property was taken from the defendant, and delivered to the plaintiff, under and by virtue of the writ issued in this case. The defendant, by his answer, took issue upon the averments of the petition. . The verdict of the jury for the plaintiff under these issues was, in effect, a verdict that plaintiff-was the absolute owner of the property and was entitled to the possession of it. And it would have, been competent for the court to have entered the judgment accordingly. That the court only entered judgment on the verdict that plaintiff have and recover the possession of the property and the costs, is no ground of complaint'for' defendant, •since he is not injured by it. The plaintiff had the possesr *490 sion of the property at the time the verdict was rendered, and hence it was not necessary for the jury to determine the value of his right; this is only necessary to be done when the party who is entitled to the possession, as found by the verdict, does not have it.
While it would, ordinarily, be more strictly in compliance with the statute, and more formally correct, for a jury to find specifically which party is entitled to the possession and to designate his right therein, yet where under the pleadings, as in this case, the law definitely enables the court to fix the same by its judgment, there is no error in refusing to set aside the verdict because it does not find what the law itself determines. The statute only requires that the judgment, not the verdict, shall determine the two matters specified.
Affirmed.